JS 44C/SDNY
REV. 1/2014

# CIVIL COVER SHEET

CV 782/14

FEB 07 2014

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| JEFFREY MONTANEZ | THE CITY OF NEW YORK and POLICE OFFICERS "JOHN DOE" 1 THROUGH 5 |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER | ATTORNEYS (IF KNOWN) |
|---|---|
| OKUN, ODDO & BABAT, P.C.<br>8 West 38th Street, Suite 1002<br>New York, NY 10018; (212) 642-0950 | JEFFREY A. FRIEDLANDER, Acting Corp. Counsel<br>THE CITY OF NEW YORK LAW DEPARTMENT<br>100 Church Street, 4th Fl., New York, NY 10007 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. §1983: False arrest with excessive force and malicious prosecution in violation of plaintiff's constituional rights.

Has this or a similar case been previously filed in SDNY at any time? No [ ]  Yes [X]  Judge Previously Assigned

If yes, was this case Vol. [ ] Invol. [ ]  Dismissed. No [ ] Yes [ ]  If yes, give date _____  & Case No. _____

Is THIS AN INTERNATIONAL ARBITRATION CASE?  No [X]  Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)  NATURE OF SUIT

### TORTS

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [X] 440 OTHER CIVIL RIGHTS (Non-Prisoner)

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 OTHER FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**IMMIGRATION**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 463 HABEAS CORPUS-ALIEN DETAINEE
- [ ] 465 OTHER IMMIGRATION ACTIONS

### ACTIONS UNDER STATUTES

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/COMMODITIES/EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____ OTHER _____ JUDGE _____ DOCKET NUMBER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES [ ] NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

| (PLACE AN x IN ONE BOX ONLY) | | ORIGIN | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court <br> a. all parties represented <br> b. At least one party is pro se. | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441) |
|---|---|---|---|
| ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT | ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY) | ☐ 4 DIVERSITY | |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1  [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2  [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

JEFFREY MONTANEZ
601 Oak Terrace, Apt. 1B
Bronx, New York 10454
County of Bronx

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

THE CITY OF NEW YORK and POLICE OFFICERS "JOHN DOE" 1 THROUGH 5, c/o Jeffrey A. Friedlander, Esq., Acting Corporation Counsel, 100 Church Street, 4th Floor, New York, NY 10007; County of New York

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☒ MANHATTAN
(DO NOT check either box if this a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT.)

| DATE | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT |
|---|---|---|
| 01/29/14 <br> RECEIPT # | | [ ] NO <br> [X] YES (DATE ADMITTED Mo. 4 Yr. 97) <br> Attorney Bar Code # |

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

JUDGE COTE

14 CV 782

9989

United States District Court
for the
Southern District of New York

RECEIVED FEB 10 2014

| | |
|---|---|
| JEFFREY MONTANEZ,<br><br>                                    Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK and POLICE OFFICERS "JOHN DOE" 1 through 5, individually and in their official capacities (the name "John Doe" being fictitious as the true names are not presently known),<br><br>                                    Defendants. | Civil Action No:<br><br>**SUMMONS IN A CIVIL ACTION** |

**TO:**   Jeffrey A. Friedlander, Esq.
         Acting Corporation Counsel
         THE CITY OF NEW YORK LAW DEPARTMENT
         Attorneys for Defendants: THE CITY OF NEW YORK
         and POLICE OFFICERS "JOHN DOE" 1 THROUGH 5
         100 Church Street, 4th Floor
         New York, New York 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

                    OKUN, ODDO, & BABAT, P.C.
                    Attorneys for Plaintiff
                    JEFFREY MONTANEZ
                    8 West 38th Street, Suite 1002
                    New York, New York 10018
                    (212) 642-0950
                    File: 9989

If you fail to respond, judgment will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

FEB 07 2014                                    Clerk of Court  RUBY J. KRAJICK

Date: _____                     _____
                                               Signature of Clerk or Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY MONTANEZ,<br><br>          Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK and POLICE OFFICERS "JOHN DOE" 1 through 5, individually and in their official capacities (the name "John Doe" being fictitious as the true names are not presently known),<br><br>          Defendants. | Civil Action No: CV 782/14<br><br>**VERIFIED COMPLAINT**  FEB 0 7 2014<br><br>Jury Trial Demanded |

  Plaintiff, JEFFREY MONTANEZ, by his attorneys, OKUN, ODDO & BABAT, P.C., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

  1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

### JURISDICTION

  2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

  3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

### VENUE

  4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

### JURY DEMAND

  5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, JEFFREY MONTANEZ, is, and has been, at all relevant times, a resident of the County of the Bronx, City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants, THE CITY OF NEW YORK and POLICE OFFICERS "JOHN DOE" 1 through 5, individually and in their official capacities (the name "John Doe" being fictitious as the true names are not presently known), were duly sworn law enforcement officers of said departments and were acting under the supervision of said departments and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about May 14, 2012, at approximately 10:00 p.m., plaintiff, JEFFREY MONTANEZ, was lawfully present at West 181st Street and Saint Nicholas Avenue, County, City and State of New York.

14. At that time and place, the above named individual officers approached the plaintiff, JEFFREY MONTANEZ, and told him to get down on the floor.

15. At that time and place, the above named individual officers while having the plaintiff in custody did assault the plaintiff in the back of the head with the butt of their guns and caused the plaintiff to be seriously injured, including requiring the plaintiff to get four staples to the back of the head.

16. At no time on May 14, 2012 did the defendant officers possess justification to use such force against plaintiff, JEFFREY MONTANEZ, and the application of such force was objectively unreasonable under the circumstances prevailing then and there.

17. Thereafter, the plaintiff was transferred to a nearby police precinct.

18. Thereafter, the plaintiff was transferred to Columbia Presbyterian Hospital by ambulance.

19. At no time on May 14, 2012 did plaintiff commit any crime or violation of law.

20. At no time on May 14, 2012 did defendants possess probable cause to arrest plaintiff.

21. At no time on May 14, 2012 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

22. In connection with his arrest, the defendants filled out false and/or misleading police reports.

23. As a result of the defendants' conduct, the plaintiff was charged with Petit Larceny.

24. As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately three (3) days in custody.

25. Additionally, as a direct result of the defendants' unlawful actions, plaintiff spent approximately six (6) months making numerous court appearances.

26. Despite defendants actions, all charges against plaintiff, JEFFREY MONTANEZ, were dismissed on November 14, 2012.

27. As a result of the foregoing, plaintiff, JEFFREY MONTANEZ, sustained, *inter alia*, physical injury, physical pain, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 27 with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff, JEFFREY MONTANEZ, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said departments.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF FOR FALSE ARREST UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 33 with the same force and effect as if fully set forth herein.

35. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege or consent.

36. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he sustained, *inter alia*, physical injury, physical pain, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and

deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF FOR
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates, and realleges each and ever allegation contained in paragraphs numbered 1 through 36 with the same force and effect as if fully set forth herein.

38. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiffs.

39. Specifically, the defendants utilized excessive force in intentionally striking and assaulting the plaintiff in the back of the head with the butt of their gun and to be seriously injured while in custody.

40. As a result of the foregoing, the plaintiff, JEFFREY MONTANEZ, sustained, *inter alia*, physical injury, physical pain, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FOURTH CAUSE OF ACTION
## FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates, and realleges each and ever allegation contained in paragraphs numbered 1 through 40 with the same force and effect as if fully set forth herein.

42. Defendants misrepresented and falsified evidence before the New York County District Attorney.

43. Defendants did not make a complete and full statement of facts to the District Attorney.

44. Defendants withheld exculpatory evidence from the District Attorney.

45. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, JEFFREY MONTANEZ.

46. Defendants lacked probable cause to initiate criminal proceedings against plaintiff, JEFFREY MONTANEZ.

47. Defendants acted with malice in initiating criminal proceedings against plaintiff, JEFFREY MONTANEZ.

48. Defendants were directly and actively involved in the continuation of criminal

proceedings against plaintiff, JEFFREY MONTANEZ.

49. Defendants lacked probable cause to continue criminal proceedings against plaintiff, JEFFREY MONTANEZ.

50. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

51. Specifically, defendants falsely, maliciously, and knowingly alleged that plaintiff committed the crime of Petit Larceny.

52. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated when all charges were dismissed on November 14, 2012.

53. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated without probable cause or justification.

## FIFTH CAUSE OF ACTION FOR CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

54. Plaintiff repeats, reiterates, and realleges each and ever allegation contained in paragraphs numbered 1 through 53 with the same force and effect as if fully set forth herein.

55. Defendants created false evidence against plaintiff JEFFREY MONTANEZ.

56. Specifically defendants falsely alleged that plaintiff committed the crime of Petite Larceny.

57. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's Office.

58. Defendants misled the prosecutors by creating false evidence against plaintiff, JEFFREY MONTANEZ, and thereafter providing false testimony throughout the criminal proceedings.

59. In creating false evidence against plaintiff, JEFFREY MONTANEZ, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial as secured by the United States Constitution.

60. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FIFTH CLAIM FOR RELIEF FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

61. Plaintiff repeats, reiterates, and realleges each and ever allegation contained in paragraphs numbered 1 through 60 with the same force and effect as if fully set forth herein.

62. Defendants arrested and incarcerated plaintiff, JEFFREY MONTANEZ, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

63. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

64. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said departments.

65. The aforesaid customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to cover-up police misconduct;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover-up police misconduct.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department led directly to officers of those institutions expressing deliberate indifference to the safety, well-being and constitutional rights of plaintiff,

JEFFREY MONTANEZ.

67. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

70. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was incarcerated unlawfully.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

72. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

73. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the rights:

    i. not to be deprived of liberty without due process of law;

    ii. to be free from seizure and arrest not based upon probable cause;

    iii. to be free from unwarranted and malicious criminal prosecution;

    iv. not to have excessive force exerted upon him; and

    v. to be afforded a fair trial.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

    i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
January 29, 2014

OKUN, ODDO & BABAT, P.C.

By: _____
Adam D. Polo, Esq. (ADP-8912)
Attorneys for Plaintiff
8 West 38th Street, 10th Fl.
New York, New York 10018
(212) 642-0950
File: 9989

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY MONTANEZ,<br><br>                                            Plaintiff,<br><br>     -against-<br><br>THE CITY OF NEW YORK and POLICE OFFICERS "JOHN DOE" 1 through 5, individually and in their official capacities (the name "John Doe" being fictitious as the true names are not presently known),<br><br>                                            Defendants. | Civil Action No:<br><br>**VERIFICATION** |

STATE OF NEW YORK      )
                                        : ss.:
COUNTY OF NEW YORK )

      The undersigned, an attorney admitted to practice in the Courts of the State of New York, hereby affirms under the penalties of perjury as follows:

      That affirmant is the attorney for the plaintiff in the within action; that affirmant has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to affirmant's knowledge, except the matters stated to be alleged on information and belief, and that those matters affirmant believes to be true. The reason this verification is made by affirmant and not by the plaintiff is that the plaintiff does not reside in the County in which affirmant maintains an office. The grounds of belief as to all matters not stated upon affirmant's knowledge are documents, correspondence and records maintained in affirmant's files and conversations and conferences had with the plaintiff.

Dated: New York, New York
       January 29, 2014

                                                                          ADAM D. POLO (ADP-8912)

OKUN ODDO & BABAT, P.C.

Civil Action No:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY MONTANEZ,

           Plaintiff,

- against -

THE CITY OF NEW YORK and POLICE
OFFICERS "JOHN DOE" 1 through 5,
individually and in their official capacities
(the name "John Doe" being fictitious
as the true names are not presently known),

           Defendants.

**SUMMONS and VERIFIED COMPLAINT**

OKUN ODDO & BABAT, P.C.
Attorneys for Plaintiff
8 West 38th Street - Suite 1002
New York, N.Y. 10018
(212) 642-0950